UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHERWIN WILSON,

                Plaintiff,

     -against-

CITY OF NEW YORK, POLICE
OFFICER MICHAEL GESSNER,
JOHN DOES, *Police Officers and
Uniformed employees of the New York
City Police Department, the identity
and number of whom is presently
unknown*, SGT. THOMAS ORMOND,
*individually and in their official capacity
as New York City Police Officers*, and
POLICE OFFICER CHRISTOPHER
SMITH, *Shield No. 19039*,

                Defendants.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 11 2019 ★
BROOKLYN OFFICE

REPORT AND RECOMMENDATION
18 CV 7301 (AMD)(LB)

**BLOOM, United States Magistrate Judge:**

    Plaintiff moves to amend his *pro se* civil rights complaint. ECF Nos. 20, 22. The Honorable Ann M. Donnelly referred plaintiff's motion to amend to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiff's motion to amend should be granted in part and denied in part. As discussed below, the Court should grant plaintiff leave to amend to supplement his factual allegations in the complaint but should deny plaintiff leave to amend to add Dominick Martinez-Nunez as a defendant.

### BACKGROUND

    Plaintiff, proceeding *pro se*, commenced this action on December 21, 2018 against the City of New York (the "City"), Retired Sergeant Thomas Ormand, Police Officers Michael Gessner

1

and Christopher Smith, and John Doe Police Officers. ECF No. 1. The Complaint alleges that on September 22, 2017, Gessner arrested plaintiff at the 75th Precinct while plaintiff was attempting to file a complaint against a driver, Dominick Martinez-Nunez, who was reportedly following plaintiff. Id. at 6–7. Gessner arrested plaintiff because Martinez-Nunez reported that she was assaulted by plaintiff. Id. at 13. The City, Ormand, and Gessner requested a pre-motion conference in anticipation of moving to dismiss plaintiff's complaint. ECF No. 19. On May 6, 2019, Judge Donnelly set the briefing schedule for defendants' anticipated motion to dismiss.

On May 20, 2019, plaintiff requested leave to amend his complaint, ECF No. 20, and on May 29, 2019, plaintiff filed his proposed amended complaint, ECF No. 22, Proposed Amended Complaint ("Prop. Am. Compl."). Plaintiff's Proposed Amended Complaint adds factual allegations, id. at 2, 5–8, and seeks to add Martinez-Nunez, as a defendant, id. at 1.[1]

## DISCUSSION

### I. Legal Standard

The Court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).[2] "Amendment may be denied for a wide variety of reasons, including undue delay, bad faith, undue prejudice to the opposing party, or futility." In re "Agent Orange" Prod. Liab. Litig., 220 F.R.D. 22, 24 (E.D.N.Y. 2004) (citations omitted). "[L]eave to amend a complaint may be denied when amendment would be futile." Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014)

---

[1] On June 4, 2019, Judge Donnelly stayed the briefing schedule for defendants' anticipated motion to dismiss in light of plaintiff's request to amend.

[2] Although plaintiff filed his request as a motion to amend, he seeks to add a new party as a defendant, "thereby implicating Rule 20(a) and Rule 21 of the [Federal Rules of Civil Procedure]" as well. Kontarines v. Mortg. Elec. Registration Sys's, Inc., No. 15 Civ. 2206, 2016 WL 3821310, at *3 n.2 (E.D.N.Y. July 12, 2016). "Regardless, 'there is in practical terms little difference' among the three rules." Id. (internal citation omitted). "In deciding whether to permit joinder [of new parties], courts apply the same standard of liberality afforded to motions to amend pleadings under Rule 15." Zhirzhan v. AGL Inds., Inc., No. 14 CV 7567, 2015 WL 13742429, at *10 (E.D.N.Y. Sept. 15, 2015) (internal quotation marks and citation omitted).

The Clerk of Court is directed to send plaintiff the attached copies of the unreported cases cited herein.

(internal quotation marks and citation omitted). An amendment would be futile if the proposed claim would fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012); Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

On a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Iqbal, 556 U.S. at 697.

The Court construes a *pro se* plaintiff's complaint liberally and interprets it "to raise the strongest arguments that [it] suggest[s]." Harris v. City of N.Y., 607 F.3d 18, 24 (2d Cir. 2010) (citation and internal quotation marks omitted) (citing Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

## II.   Adding Martinez-Nunez as a Defendant

Plaintiff requests to amend his complaint to add Martinez-Nunez as a defendant in this case. ECF Nos. 20, 22. As plaintiff's claim against Martinez-Nunez would not withstand a motion to dismiss, his request for leave to amend to add Martinez-Nunez as a defendant should be denied as futile.

### a. Conspiracy Under 42 U.S.C. § 1983

The Proposed Amended Complaint alleges that Martinez-Nunez conspired with Gessner to fabricate a story that plaintiff assaulted Martinez-Nunez. Prop. Am. Compl. at 13. Plaintiff

should not be allowed to amend his complaint to add a Section 1983 claim against Martinez-Nunez as Martinez-Nunez is a private individual. Claims under 42 U.S.C. § 1983 require state action and generally cannot be brought against private individuals. See Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295–98 (2001) (discussing the limited circumstances in which private action is considered state action); Anilao v. Spota, 340 F. Supp. 3d 224, 252 (E.D.N.Y. 2018) ("It is axiomatic that private citizens and entities are not generally subject to Section 1983 liability.") (internal citation omitted); Fisk v. Letterman, 401 F. Supp. 2d 362, 367 (S.D.N.Y. 2005) ("[A] claim under § 1983 must be predicated on state action and state actors[,] . . . a private party who calls police officers for assistance or provides them with information that may lead to an arrest of an individual does not become a state actor rendering that party liable under § 1983 to the person detained[.]") (internal citations omitted).

Moreover, a Section 1983 conspiracy claim requires a plaintiff to allege "(1) an agreement between state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." See Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324–25 (2d Cir. 2002); Homere v. Inc. Vill. of Hempstead, 322 F. Supp. 3d 353, 374 (E.D.N.Y. 2018). Speculative or vague claims of a conspiracy under Section 1983 are insufficient. Ciambriello, 292 F.3d at 325; Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997).

Absent from plaintiff's Proposed Amended Complaint is any allegation that Gessner entered an agreement with Martinez-Nunez or that there was any meeting of the minds or plausible conspiracy between them to cause an unconstitutional injury to plaintiff. Ciambriello, 292 F.3d at 325 (affirming the dismissal of plaintiff's conspiracy claims where plaintiff had "not provided any details of time and place . . . [and] failed to specify in detail the factual basis necessary to enable

defendants [to] intelligently prepare their defense.") (internal citation, quotation marks, and brackets omitted); Homere, 322 F. Supp. 3d at 376 (recommending dismissal of plaintiff's Section 1983 claim as "entirely speculative and conclusory" because plaintiff did "not in a plausible way illuminate the relationship between the alleged conspirators or any specific instances of misconduct.") (internal quotation marks and citation omitted); Almonte v. Florio, No. 02 Civ. 6722, 2004 WL 60306, at *5 (S.D.N.Y. Jan 13, 2004) (dismissing conspiracy claim where *pro se* plaintiff "failed to provide any evidence relating to when, where or with whom an unlawful agreement was made . . . to alter . . . or otherwise fabricate evidence."). Plaintiff's conspiracy claim against Martinez-Nunez under Section 1983 would be subject to dismissal as entirely speculative and conclusory. Accordingly, the Court should deny plaintiff leave to add Martinez-Nunez as a defendant in this action as such an amendment would be futile.

### b. Conspiracy Under 42 U.S.C. §§ 1985 and 1986

Plaintiff's claim against Martinez-Nunez under Sections 1985 and 1986 would likewise be futile. To state a claim under Section 1985, a plaintiff must allege with particularity "(1) a conspiracy[;] (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999); Odermatt v. Way, 188 F. Supp. 3d 198, 217 (E.D.N.Y. 2016). Particularly, "the conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." Dolan v. Connolly, 794 F.3d 290, 296 (2d Cir. 2015) (citations omitted).

Plaintiff alleges that the City and Gessner conspired with Martinez-Nunez "to make it appear[] that attempted assault occurred," Prop. Am. Compl. at 13; however, he fails to allege facts

5

to establish that Gessner or Martinez-Nunez acted with any class-based discriminatory animus. See Dolan, 794 F.3d at 296 (dismissing Section 1985 claim because plaintiff did not satisfy the class-based animus requirement). As neither race nor class-based discriminatory animus is plausibly alleged, any Section 1985 claim brought against Martinez-Nunez would be dismissed on a Rule 12(b)(6) motion. See Ganthier v. N. Shore-Long Island Jewish Health Sys., 298 F. Supp. 2d 342, 349 (E.D.N.Y. 2004) (dismissing plaintiff's Section 1985 claim on a motion because she failed to allege the elements of a conspiracy claim with particularity).

Moreover, because a Section 1986 claim must be predicated upon a valid Section 1985 claim, plaintiff's proposed amendment likewise fails under Section 1986. Sheehy v. Brown, 335 Fed. App'x 102, 104 (2d Cir. 2009) (summary order) (citing Mian v. Donaldson, Lufkin & Jenrette Secs. Corp., 7 F.3d 1085, 1088 (2d Cir. 1993)); Gusler v. City of Long Beach, 823 F. Supp. 2d 98, 137 (E.D.N.Y. 2011). As any conspiracy claim brought under either Section 1985 or Section 1986 against Martinez-Nunez would not withstand a motion to dismiss, the Court should deny plaintiff leave to amend to add Martinez-Nunez as a defendant in this action.

### III. Supplementing Factual Allegations

Plaintiff's Proposed Amended Complaint includes several new factual allegations. Although plaintiff should be denied leave to amend to add Martinez-Nunez as a defendant, the Court should grant plaintiff leave to amend his complaint against the existing defendants. The proposed amendment would not affect defendants' anticipated motion to dismiss. Fed. R. Civ. P. 15(a)(2); Cintron v. Weissman, No. 9:14-CV-0116, 2015 WL 5604954, at *5 (N.D.N.Y. Sept. 23, 2015) (granting *pro se* plaintiff leave to amend his complaint to "clarify certain factual allegations" as they did "not materially alter the scope of this litigation[.]"); Mackey v. Dicaprio, No. 02 Civ. 1707, 2006 WL 2572111, at *3 (S.D.N.Y. Sept. 7, 2006) (denying *pro se* plaintiff leave to add

new defendants to his civil rights action but granting him leave to amend to include more detailed factual allegations); see also Cruz v. Gomez, 202 F.3d 593, 597–98 (2d Cir. 2000) (*pro se* plaintiffs should be given the opportunity to amend).

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's motion to amend should be granted in part and denied in part. The Court should grant plaintiff leave to amend the facts alleged in his complaint, but should deny plaintiff leave to amend to add Martinez-Nunez as a defendant.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/ Judge Lois Bloom
_____
LOIS BLOOM
United States Magistrate Judge

Dated: July 11, 2019
      Brooklyn, New York