UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
        :
**SHERWIN WILSON,**        :
        :
        Plaintiff,        :
        :   **MEMORANDUM**
        :   **DECISION AND ORDER**
    **- against -**        :
        :   18-CV-7301 (AMD) (LB)
        :
**CITY OF NEW YORK, POLICE OFFICER**        :
**MICHAEL GESSNER, JOHN DOES, SPVSR.**        :
**SGT. THOMAS ORMAND, POLICE OFFICER**        :
**CHRISTOPHER SMITH, AND NEW YORK CITY**        :
**POLICE DEPARTMENT,**
        :
        Defendant.        :
------------------------------------------------------------------- X

**ANN M. DONNELLY,** United States District Judge:

      Before the Court is the defendants' motion to dismiss the *pro se* plaintiff's amended complaint. (ECF No. 34.) For the reasons that follow, the defendants' motion is granted.

## BACKGROUND[1]

      The plaintiff alleges that on September 22, 2017, he had a dispute with Dominick Martinez-Nunez, who parked his green minivan in a "parallel position" near the plaintiff's car and "refuse[d] to move." (ECF No. 34 at 2.) The plaintiff went to the 75th Precinct to file a complaint against Martinez-Nunez, who the plaintiff alleges is part of an "Organized Crime Network." (*Id.* at 3.) That same day, Martinez-Nunez filed a police report alleging that the plaintiff swung a baseball bat in his direction. (*Id.* at 7.) Following Martinez-Nunez's complaint, Officer Michael Gessner arrested the plaintiff, handcuffed him and took him to the

---

[1] For purposes of this motion, I accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012).

precinct, where the plaintiff claims he was exposed to "deplorable" conditions, with cellmates "repeatedly coughing, no ventilation or air circulation [and] jail cell overcrowding." (*Id.* at 4.) The criminal charges against the plaintiff were later dismissed.[2] (*Id.* at 10.)

      Construing the plaintiff's *pro se* amended complaint liberally and drawing all reasonable inferences in his favor, the plaintiff appears to claim that he was the victim of false arrest, malicious prosecution and racial discrimination in violation of his right to equal protection. The plaintiff also alleges that Officer Gessner failed to investigate his claim against Martinez-Nunez, and that Officer Gessner conspired with Martinez-Nunez to have the plaintiff arrested. Finally, the plaintiff alleges that the NYPD and the City of New York were complicit in these violations, and that they put policies and practices in place to ensure Officer Gessner was not reprimanded. The plaintiff seeks punitive damages as well as "costs and fees." (*Id.* at 4.)

## STANDARD OF REVIEW

      At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Although courts must read *pro se* complaints with "special solicitude," and interpret them liberally to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint still must plead enough "facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). While "detailed factual

---

[2] The plaintiff does not say why the charges were dismissed.


allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

A court reviewing a complaint for legal sufficiency is generally limited to the "four corners of the complaint." *Vassilatos v. Ceram Tech Int'l, Ltd.*, 92 Civ. 4574, 1993 WL 177780 at *5 (S.D.N.Y. May 19, 1993) (citing *Kopec v. Coughlin*, 922 F.2d 152, 154-55 (2d Cir.1991)). Under limited circumstances, a court may also consider materials that are "integral to the complaint," meaning that the plaintiff relied on them when drafting the complaint. *Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 156 (2d Cir. 2006). Courts may also consider "matters of which judicial notice may be taken" and "documents either in plaintiff['s] possession or of which plaintiff[ ] had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

The defendants ask that I consider the arrest report (ECF No. 38, Declaration of MaryBeth Allen Ex. B ("Allen Decl.") and the complaint report (Allen Decl. Ex. C)—both generated by the police department—the criminal complaint filed in criminal court (Allen Decl. Ex. D), the plaintiff's arrest record (Allen Decl. Ex. E), Sergeant Ormond's memo book entries (Allen Decl. Ex. F), the Certificate of Disposition dismissing the plaintiff's charges (Allen Decl. Ex. G), and a press release announcing cooperation between the Civilian Complaint Review Board ("CCRB") and the NYPD (Allen Decl. Ex. H).

In his amended complaint, the plaintiff cites the arrest report, the complaint he filed with the police and discusses his subsequent traffic violation. (ECF No. 34 at 8.) Since the plaintiff knows about and relied on these materials in drafting his amended complaint, I take judicial

notice of them.  The plaintiff did not cite or rely on Sergeant Ormond's memo book entries and they are not part of the public record, so I do not take judicial notice of these materials.  Similarly, since the plaintiff did not cite the CCRB press release, and it is not a public record, I do not take judicial notice of it.

A court "may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."  *Glob. Network Commc'ns, Inc.*, 458 F.3d at 157 (citing *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).  The criminal court complaint and the Certificate of Disposition were filed in New York criminal court and are part of the public record.  I take judicial notice of these materials.

## DISCUSSION

To establish a claim under § 1983, the plaintiff must allege that "the conduct complained of . . . [was] committed by a person acting under color of state law," and "deprived . . . [him] of rights, privileges or immunities secured by the Constitution or laws of the United States."  *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994); *see Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.").  Moreover, he must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation.  *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

### I. Officer Gessner

The allegations in the amended complaint are against Officer Gessner, who arrested the plaintiff on September 22, 2017.

#### a. False Arrest

The plaintiff first alleges that he was the victim of a false arrest. To prevail on a claim for false arrest in New York, a plaintiff must plead that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (alteration in original) (quoting *Broughton v. State*, 3 N.Y.2d 451, 456 (1975)).

Probable cause "is a complete defense to an action for false arrest," *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citation and internal quotation marks omitted), even if the plaintiff is ultimately acquitted or the case is dismissed. *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012). The relevant inquiry is "whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest." *Id.* (quoting *Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir. 2006)). An officer need not be certain that a suspect is guilty; rather, probable cause is a "fluid concept" that "turn[s] on the assessment of probabilities in particular factual contexts." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotation marks and citations omitted). A court may decide the question of probable cause as a matter of law "if there is no dispute as to the pertinent events and the knowledge of the officers." *Bishop v. City of New York*, 518 Fed. App'x. 55, 56 (2d Cir. 2013) (quoting *Weyant*, 101 F.3d at 852). It is the plaintiff's burden to show that officers lacked probable cause.

"[A] law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness . . . unless the circumstances raise doubt as to the person's veracity." *Panetta*, 460 F.3d at 395 (2d Cir. 2006) (citations omitted). The Second Circuit has "found probable cause where a police officer was presented with different stories from an alleged victim and the arrestee." *Wieder v. City of N.Y.*, 569 F. App'x 28, 29-30 (2d Cir. 2014) (quoting *Curley v. Vill. of Suffern,* 268 F.3d 65, 70 (2d Cir. 2001)). "Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Id*. (quoting *Ricciuti v. N.Y.C. Transit Auth.,* 124 F.3d 123, 128 (2d Cir. 1997). Officers "are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." *Krause v. Bennett,* 887 F.2d 362, 372 (2d Cir. 1989). As the plaintiff concedes, Dominick Martinez-Nunez reported to Officer Gessner that the plaintiff swung a bat in his direction.[3]

In sum, the officer made a reasonable decision to "apprehend [the person] suspected of wrongdoing" even if he did not have enough information to make a final determination of guilt by weighing the evidence, *Krause*, 887 F.2d at 372, and even though he was "presented with different stories from an alleged victim and the arrestee." *Wieder*, 569 F. App'x at 29-30 (quoting *Curley,* 268 F.3d 65 at 70); *see also Radin v. City of N.Y*., No. 14-CV-7347, 2016 WL 3982463, at *3 (E.D.N.Y. July 22, 2016) (officers had probable cause despite conflicting eyewitness identifications); *Gaston v. City of New York*, 851 F. Supp. 2d 780, 791 (S.D.N.Y.

---

[3] The fact that the arrest report said that the plaintiff used a pipe does not change the result. (Allen Decl. Ex. B.)

6

2012) (officers had probable cause based on victim identification even though alleged assailant had an alibi). Accordingly, the plaintiff's state and federal false arrest claims are dismissed.

### b. *Malicious Prosecution*

To the extent that the complaint can be read to assert malicious prosecution, probable cause is a complete defense. "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). That presumption may be rebutted only "by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Manganiello v. City of New York*, 612 F.3d 149, 162 (2d Cir. 2010) (internal quotation and citations omitted). "Where there is some indication in the police records that, as to a fact crucial to the existence of probable cause, the arresting officers may have 'lied in order to secure an indictment,' and 'a jury could reasonably find that the indictment was secured through bad faith or perjury,' the presumption of probable cause created by the indictment may be overcome." *Id.* (quoting *Boyd v. City of New York*, 336 F.3d 72, 77 (2d Cir. 2003)).

As explained above, the arresting officer had probable cause to arrest the plaintiff. Aside from a conclusory assertion that Officer Gessner conspired with Martinez-Nunez to arrest him, the plaintiff has not alleged any facts to suggest that the office lied in order to initiate a prosecution, or otherwise acted in bad faith. Accordingly, the plaintiff's claim for malicious prosecution is also dismissed.

### c. *Equal Protection*

The plaintiff alleges that Officer Gessner 'judged' him based on his race, violating his right to equal protection. (ECF No. 34 at 14-15.) "To prevail on an equal protection claim of racial discrimination, a plaintiff must show that he was treated differently from other similarly

7

situated individuals as a result of intentional or purposeful discrimination based on his race." *Tyus v. Newton*, No. 3:13-CV-1486, 2015 WL 5306550, at *7 (D. Conn. Sept. 10, 2015) (citing *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir. 1991)). Moreover, to state a violation of the Equal Protection Clause under the "class of one" theory, a plaintiff must allege (1) that he has been intentionally treated differently from others similarly situated, and (2) that there is no rational basis for the treatment. *Id.* (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

The plaintiff has not alleged that Officer Gessner or any other defendant treated him differently because of his race. The plaintiff makes a conclusory statement that Officer Gessner was "racially bias[ed] toward the plaintiff base[d] on the color of [his] skin" and "judge[d]" him as someone who was likely "to commit crime against society." (ECF No. 34 at 3, 5, 14.) However, these accusations do not establish that the plaintiff was treated differently from other similarly situated individuals. *Carson v. Lewis*, 35 F. Supp. 2d 250, 269 (E.D.N.Y. 1999) ("[N]aked assertion[s] by plaintiff[s] that race was a motivating factor without a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's race [are] too conclusory . . . "). Thus, the plaintiff has failed to state a claim of discrimination in violation of his equal protection rights under the Fourteenth Amendment, and this cause of action must be dismissed.[4]

### d. 42 U.S.C. § 1981

The plaintiff also seems to assert a claim under 42 U.S.C. § 1981, which requires that he allege "facts supporting the following elements: (1) plaintiffs are members of a racial minority;

---

[4] The plaintiff's claim of a "constitutional tort" fails for the same reason. *See Brown v. State*, 89 N.Y.2d 172, 190 (1996) ("[Article I, section 11 of the New York State Constitution] was intended to afford coverage as broad as that provided by the Fourteenth Amendment to the United States Constitution . . . ").

(2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta*, *New York*, 221 F.3d 329, 339 (2d Cir. 2000). The plaintiff's claim fails on the second element. As noted above, the plaintiff states only that Officer Gessner judged him based on his race; he does not allege any facts suggesting that his arrest and detention were in any way related to race. Accordingly, the plaintiff's claim under 42 U.S.C. § 1981 is dismissed.

      *e. Conspiracy*

Equally unavailing is the plaintiff's allegation that Officer Gessner conspired with Martinez-Nunez. "To survive a motion to dismiss a § 1983 conspiracy claim, the plaintiff must allege (1) an agreement between two or more state actors or an agreement between a state actor and private party; (2) concerted acts to inflict an unconstitutional injury; and (3) an overt act done in furtherance of the goal of causing damages." *Coggins v. Cty. of Nassau*, 988 F. Supp. 2d 231, 246 (E.D.N.Y. 2013), *aff'd in part, appeal dismissed in part sub nom. Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015) (citations omitted). The plaintiff alleges without any factual support that Officer Gessner and Martinez-Nunez "formed a conspiracy among themselves to have the [p]laintiff arrested for a crime not committed." (ECF No. 34 at 10.) This bare assertion is insufficient to state a claim of conspiracy. *Pulizotto v. McMahon*, 406 F. Supp. 3d 277, 293 (S.D.N.Y. 2019) (to survive a motion to dismiss, a plaintiff must still allege facts beyond "conclusory, vague, or general allegations" to assert the existence of an agreement to inflict constitutional injury) (citing *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324-325 (2d Cir. 2002)); *see also Almonte v. Florioi*, No. 02-CV-6722, 2004 WL 60306, at *5 (S.D.N.Y. Jan. 13, 2004) (dismissing conspiracy claim where a *pro se* plaintiff "failed to provide any evidence

9

relating to when, where or with whom an unlawful agreement was made . . . to alter . . . or otherwise fabricate evidence."). Accordingly, the plaintiff's claim of a conspiracy is dismissed.

### f. Failure to Investigate

Finally, the plaintiff alleges that Officer Gessner failed to investigate his complaint against Martinez-Nunez. (ECF No. 34 at 3.) Police officers have discretion to conduct investigations and initiate arrests, and are charged with acting for the benefit of the public, not private citizens. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 760, 765 (2005) (noting the "well established tradition of police discretion" and that "serving of public rather than private ends is the normal course of the criminal law"). Thus, "police officers have no affirmative duty to investigate complaints, as the government and its agents are under no general duty to provide public services or protection to individual citizens." *Morris v. City of N.Y.,* No. 14-CV-1749, 2015 WL 1914906, at *5 (E.D.N.Y. Apr. 27, 2015) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)). Because the plaintiff has no constitutional right to have the police initiate an investigation, this claim is dismissed.

## II. Sergeant Ormand

The plaintiff also asserts a claim against Sergeant Ormand, because he was Officer Gessner's supervisor on the day of the plaintiff's arrest. "A supervisory official cannot be held liable under § 1983 on a theory of *respondeat superior*." *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 536 (2d Cir. 1993); accord *Rodriguez v. City of N.Y.*, 649 F. Supp. 2d 301, 306 (S.D.N.Y. 2009). To support a supervisory liability claim under § 1983, a plaintiff must allege the "personal involvement" of a defendant in any alleged constitutional deprivations. *Scott v. Fischer*, 616 F.3d 100, 110 (2d Cir. 2010) (citing *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). Personal involvement of a supervisor may be shown "by evidence that: . . . the

defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong [or] . . . the defendant was grossly negligent in supervising subordinates who committed the wrongful acts." *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

The plaintiff alleges that Sergeant Ormand "signed the Criminal Charges Report to confirm the allegations brought against the Plaintiff." (ECF No. 34 at 8.) Thus, the plaintiff has sufficiently alleged Sergeant Ormand's involvement in his arrest. However, the plaintiff must also allege Sergeant Ormand's involvement in an underlying constitutional violation and, as explained above, the plaintiff has failed to establish that any constitutional violation occurred. *See Bryant v. Wright*, No. 09-CV-2456, 2010 WL 3629443, at *9 n.1 (S.D.N.Y. Aug. 31, 2010) ("Absent an underlying constitutional violation, there is no cognizable claim for supervisor liability.") (quotation marks omitted); *D'Angelo-Fenton v. Town of Carmel*, 470 F. Supp. 2d 387, 399 (S.D.N.Y. 2007) (dismissing plaintiff's § 1983 supervisor liability claim because plaintiff had not established any underlying constitutional violation). Accordingly, the claim against Sergeant Ormand is dismissed.

### III.  Officer Smith

The plaintiff does not allege that Officer Smith was involved with his arrest on September 22, 2017, or in any of the related events following his arrest. The plaintiff mentions that he received a "traffic violation," which he claims was issued at the direction of an organized crime team. (ECF No. 34 at 9.) Officer Smith issued a traffic citation to the plaintiff on March 8, 2018 (Allen Decl. Ex. E.), but the plaintiff does not allege that the citation was connected to the events giving rise to his amended complaint. *See Day v. Armstrong*, 242 F.3d 364 (2d Cir. 2000) (affirming the dismissal of the plaintiff's action against two officers not alleged to have had "personal involvement in the allegedly unconstitutional conduct.") (citing *Wright v. Smith*,

11

21 F.3d 496, 501 (2d Cir. 1994)). Accordingly, the plaintiff's claim against Officer Smith is dismissed.

### IV. NYPD John Does

Similarly, the plaintiff has not alleged any specific claims against the NYPD John Does named in the amended complaint. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Accordingly, the plaintiff's claim against the NYPD John Does is dismissed.

### V. NYPD

The plaintiff names the NYPD as the defendant; however, the NYPD is a non-suable agency of the City of New York. N.Y.C. Charter § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("The district court correctly noted that the NYPD is a non-suable agency."); *see Araujo v. City of New York*, No. 08-CV-3715, 2010 WL 1049583, at *8-9 (E.D.N.Y. Mar. 19, 2010). Accordingly, the plaintiff's claims against the NYPD are dismissed for failure to state a claim upon which relief can be granted.

### VI. City of New York

Finally, the plaintiff attempts to state a claim against the City of New York. However, the plaintiff does not allege any unconstitutional policy or custom attributable to the City. "[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). A claim of municipal liability

requires that the plaintiff "make factual allegations that support a plausible inference that the constitutional violations took place pursuant to [a municipal policy or custom]." *Missel v. County of Monroe*, 351 F. App'x. 543, 545 (2d Cir. 2009); *see also Monell v. Dep't of Social Services of N.Y.C.*, 436 U.S. 658, 690-91 (1978). An "official policy" may be implemented through a "policy statement, ordinance, regulation, or decision" that is officially promulgated by a municipality's policy makers. *Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir. 2003) (quoting *Monell*, 436 U.S. at 690). A "custom" does not require a formal policy, but must be "so widespread as to have the force of law." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). A municipality may not be held liable under § 1983 solely on a *respondeat superior* theory. *Brown v. City of New York*, No. 15-CV-194, 2016 WL 4446126, at *3 (E.D.N.Y. Aug. 18, 2016).

      The plaintiff alleges that CCRB complaints against police officers are routinely dismissed without proper investigation, and that the City of New York maintains a policy of suppressing evidence and failing to discipline police officers for misconduct. (ECF No. 34 at 12-13.) However, the plaintiff has not alleged any facts to support an inference that the City has a custom or practice of tolerating police misconduct or of suppressing claims against police officers. Although there is no heightened pleading requirement for complaints alleging municipal liability under § 1983, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, (1993), a complaint does not "suffice if it tenders naked assertion[s] devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678 (alteration in original) (quotation marks and citation omitted). Thus, to survive a motion to dismiss, the plaintiff cannot merely allege the existence of a municipal policy or custom, but "must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." *Santos v. New*

*York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) (citing *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)).  Here, the amended complaint contains only conclusory assertions that the CCRB did not perform its duties and that the NYPD failed to discipline police officers for misconduct.  *Simms v. City of New York*, No. 10-CV-3420, 2011 WL 4543051, at *3 (E.D.N.Y. Sept. 28, 2011) (dismissing allegations that did not provide any facts that would allow the court to infer what city policies or practices led to the alleged deficiency, and contained only boilerplate allegations).

      Moreover, the plaintiff does not allege any facts to demonstrate that the purported practices of the CCRB or the police department led to the deprivation of his rights during his arrest.  *See Treadwell v. Cty. of Putnam*, No. 14-CV-10137, 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016) (the plaintiff "failed to sufficiently state a *Monell* claim" where the complaint lacked "any specific allegations that could lead to the inference that an official [municipal] policy, practice, or custom caused [the] [p]laintiff's alleged constitutional injuries").  Therefore, the plaintiff's claims against the City of New York are dismissed.  *See* 28 U.S.C. § 1915A(b).

## CONCLUSION

The defendants' motion to dismiss is granted and the plaintiff's complaint is dismissed in its entirety. The plaintiff is granted leave to file an amended complaint within 30 days from the date of this Order. If the plaintiff does not file an amended complaint within the time allowed, this case will be closed. The plaintiff is encouraged to contact the City Bar Justice Center Federal Pro Se Legal Assistance Project at (212) 626-7383 for limited legal assistance.

**SO ORDERED.**

                                                   s/Ann M. Donnelly
                                                   ANN M. DONNELLY
                                                   United States District Judge

Dated: Brooklyn, New York
         September 24, 2020