

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 2 3 2020 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SHERWIN WILSON                                    Docket No.:  18 CV 7301 (AMD) (LB)

                              Plaintiff,          **3rd AMENDED COMPLAINT**

     -against-                                     **JURY TRAIL DEMANDED**

THE CITY OF NEW YORK (CITY); NEW YORK CITY
POLICE DEPARTMENT, individually and in their
Official capacity as New York City Police Officers-
MICHAEL GESSNER, JOHN DOES, police officers
And uniformed employees of the New York City
Police Department, the identity and number of
Whom is presently Unknown; individually and in
their official capacity as New York City Police
Officers THOMAS ORMAND, SERGEANT/
SUPERVISORY Police Officers of the City of New
York , POLICE OFFICER SMITH

                              Defendants

-------------------------------------------------------------------X

TO THE UNITED STAES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

        The complaint of the plaintiff, Sherwin Wilson, Pro se respectfully shows
and alleges as follows:

### FACTUAL STATEMENT
#### "Chronology of Events"

Plaintiff  Amended Complaint base on the follow claims:

Plaintiff is presenting the Court with all the facts by its entirety.  This is not just a case about
false arrest and alleged allegation regarding attempt assault on Dominick Martinez-Nunez.
This case is primarily about "Organized Crime" Enterprise retaliation & conspiracy with the New
York City Police Department. The main cause of action is the Plaintiff filed a Notice of Removal
of State Court (Case Number: 25422/10) Proceeding to US DISTRICT COURT (Case Number: 16
cv 06161) on August 3, 2016. Plaintiff filed a Summon & Complaint against HSBC, Mortgage It,

Inc. Mortgage Electronic Registration System and Prudential Rand Realty, Inc. A/K/A Better Homes & Garden Rand Realty. Plaintiff cause of Action Prudential Rand Realty, Inc. Real Estate Agent Nancy Thomas mispresented the sale transaction as two family dwelling when in fact Ms. Thomas new it a one family dwelling. On October 27, 2016 the Summon & Complaint was served to Prudential Rand Realty never reply to Summon & Complaint. Plaintiff later discovered that Prudential Rand Realty, Inc. change its name to **Better Homes & Garden Rand Realty** 95 S. Middletown Road. Nanuet, NY 10954. Judge Nelson was not happy why Prudential Rand Realty never replies to the Summon & Complaint including the Amended Complaint. The Plaintiff filed Temporary Restraining Order against HSBC, Mortgage It, Mortgage Electronic Registration System, Inc. and Prudential Rand Realty, Inc. on December 13, 2016. In **RETAILIATION** for filing the Summon & Complaint Prudential Randy Realty, Inc. managing members & affiliates formed a conspiracy against the Plaintiff then contact "Organized Crime" Enterprise such as Mike Towing, Inc., Big Apple Car Service, to begin following Plaintiff through illegal GSP TRACKING & RADIO FREQUENCY TECHNIOLOGY from December 6, 2016 to Present (October 23, 2020). The reason Better Home & Garden Rand Realty contracted Mike Heavy Duty Towing, Inc because of has special radio frequency technology approved by FCC which permits business operations between New York & New Jersey Port Authority. **Mike's Towing, Inc. abuse of government equipment (FCC) Authorized Equipment to conduct Illegal Activities such as Intimidate, Threaten, Assault Plaintiff & other private Senior Citizens in the Community.**

## "Organized Crime" Enterprise

Mike Towing and it managing members has access federal equipment approved by Federal Communication Commission (FCC). Mike Towing in adverting use the government approved radio frequency to conduct the following Insurance fraud, burglaries, track senior citizen with Reverse Mortgages primarily to be first in line if default mortgage payment, hack emails, identity theft, sell your personal information on dark web., spoofing IP Addresses, cyber-security breach (Email Hacking), Narcotic sales, transport control substance across boarder lines and recruit new member daily including City officials from HPD, Building Department, National Grid, and NYPD. Mike Towing, Inc. is link to "Organized Crime" (three Brother were among eight) was recently arrested in February 2018 for running a city-wide towing racket scheme. Mike Towing has a contract with the NY & NJ Port Authority & NYC Police Department. Mike Towing, Inc. abuse of government equipment specialized data and equipment to conspire, intimidate, harass & threaten my family for almost 4 years or approximately 1,284 days with any gaps. On April 19, 2017 at 8:30 A.M. a Toyota Camry (Plate Number HNY 2696 came to the Family Asset in Jamaica, Queens and parked in front of the driveway. This is a member from "Organized Crime" Enterprise that was directed by Mike's Heavy Duty Towing, Inc. (Shared/Business pool) (GPS TRACKING & RADIO FREQUENCY TRANSMITION). As the Plaintiff walk toward the front sidewalk near the driveway entrance. The Spanish Driver in the Toyota Camry jump out of the vehicle and attacked/assaulted the Plaintiff in the driveway. Plaintiff called 911 to report the incident. Plaintiff went to the 103rd Precinct to file claim against the male Spanish Driver that assaulted the Plaintiff in front of the family asset. The purpose of the Plaintiff visit to the 103rd Precinct is to change the Harassment charge to upgrade to Assault in the 2nd Degree. Officer Perez refuses to upgrade the charge. Officer Perez was not available on

two separate visits to the 103rd Precinct in May 2017. Plaintiff provides proof of the vehicle & physical description of the male Driver that assaulted the Plaintiff.

Conclusion, this is a summary of the events which led up to the incident of September 22, 2017. This is not a case where as the Plaintiff was in transit to work when Organized Crime" Enterprise dispatched Dommick Nunez-Martinez to provoke& create confrontation and form a conspiracy an agreement to have the Plaintiff arrested. The goal preceding the arrest is to provide false statement which includes false name, address & cellphone number to Officer Michael Gessner.

## PRELIMINARY STATEMENT

1. This is civil right action in which plaintiff seeks relief for the violation of his rights secured by 42 USC § 1983, § 1988, the Fourth and Fourteenth Amendments to the United States Constitution.

2. This is violation of Corruption between Organized Crime & New York City Police Department Article 460 New York Penal Law Enterprise Corruption Section 460.10, 460.20, 460.22

3. The plaintiff herein Sherwin Wilson, is a United States Citizen of the State of New York. Mr. Wilson resides at 133-36 148 Street, South Ozone Park, NY 11436. Mr. Wilson is Licensed Real Estate Broker in the State of New York.

Mr. Wilson is a *Graduate from St. John's University*
*Sergeant-United States Army (Reserve Officer Training Corp.)*
*Former Federal Employee US Department of Commerce*
*Senior of Commercial Leasing Specialist*
*Logistic Operations*
*Tele-communication Systems-installation fiber-optic cable lines for voice & data transmission*
*Security Analysis-coordination investigation with Federal Police in cases Whereas government data were compromised or breach from inside or outsources.*

4. The plaintiff, Sherwin Wilson principle Place of business at 469 Liberty Avenue, Brooklyn, NY 11207. Mr. Wilson for have been paying federal, state, city and employer taxes for the past 18 years.

5. The plaintiff purchase storage bin from Home Depot Springfield Gardens, New York.

6. The claim arise On September 22, 2017, Plaintiff was being follow 2 miles by Green Mini Van. The Operator of the Vehicle (Spanish Male & Passenger Spanish Female). As the Plaintiff traveling west on Liberty Avenue made Left on Miller Avenue the Spanish Male continue to follow the Plaintiff.

7. Plaintiff parked his vehicle at the end of the block on Miller Avenue at the corner of Glenmore Avenue; Plaintiff principle place of business is 1 block away.

8. Operator of the green mini-van (Spanish male) refuse to move his vehicle that is very close in a parallel position.

9. Plaintiff went to 75 Police Precinct to file a complaint regarding the two Spanish individuals following him as part of Organized Crime Network. Dominick Martinez-Nunez is a member of the "Organized Crime" Enterprise.

10. On September 22, 2017 the Plaintiff was arrested at about 10:30 A.M. inside the common area of the 75 Precinct 1000 Sutter Avenue, Brooklyn, NY 11208 for reporting the incident (Plaintiff followed by Organized Crime Team) to the NYPD.

11. Arresting Officer told the Plaintiff to put his hand behind his back and place handcuff on him.

12. Arresting Officer, Michael Gessner Shield No: 31887 is improperly trained and failed to complete the investigation of the incident of Organized Crime members and drug dealers following Plaintiff 7 days per week/24 hours per day.

13. Plaintiff provided photos and videos to the Police Officers at 75 Precinct that Organized Crime Members & drug dealers are tracking him, wife and 3 minor children 24 hours per day 7 days per week for more than 4 years and beyond. Organized Crime Members set what is call **GEO-FENCING BOUNDARIES** at Plaintiff home, place of business and minor children school and other investment assets. This is advance technology illegal unauthorized by the federal & state government for specified use only. The Organized Crime Dispatcher sends alert signals that monitors (SPS Tracking Software & GPS Application) Plaintiff locations as him & his family enter and exit GEO-FENCING boundaries by mapping a 3 location in circumferences (Chart will be provided in discoveries).

14. The Organized Crime Pyramid is operated and directed by Hasidic Jews.

15. Plaintiff was detained 24 hours at the 75th Precinct & Brooklyn Central Booking (combined) finger printed and held in a jail cell with 8 other prisoners.

16. Plaintiff was exposed to deployable conditions in jail cell. Inmates repeatedly coughing, no ventilation or air circulation & jail cell overcrowding

17. Plaintiff was treated form upper extremity respiratory Infection
Visited Doctor several times from October 2017 to December 2017.
Medical injuries result from false arrest; locked up in jail cell with other inmates that had medical issues.

18. Plaintiff seeks money damages (special compensatory and punitive) against Defendants, as well an award of legal cost and fees; and such other further relief as the Court deem just and proper.

## JURISDICTION

19. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988; and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New York. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(1-4), and 2202. Plaintiffs further invoke the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to 28 U.S.C. § 1367.

20. Venue is proper in this district under 28 U.S.C. § 1391(b).

Privacy Rights-Violation

21. Illegal wiretap cellphones home landline, place of business telephones, family members, friend and business associates; New York's wiretapping law is a "one-party consent" law. New York makes it a crime to record to record or eaves drop on an in-person or telephone conversation **unless one party to the conversation consents.** N.Y. Penal Law §§ 250.00, 250.05. (link is to the entire code, you need to click on the Penal Code section, then choose Article 250 and locate the specific provisions). Thus, if you operate in New York, you may record a conversation or phone call if you are a party to the conversation or you get permission from one party to the conversation in advance. That said, if you intend to record conversations involving people located in more than one state, you should play it safe and get the consent of all parties.

22. Permission, judicial warrant or consent was not grant to Organized Crime members to listen or record Plaintiff conversation with family members, government officials, business to business vendors, associates and friends, etc.

## PARTIES

23. Plaintiff Sherwin Wilson, Pro Se is residents of the City of New York. Mr. Wilson is a naturalized Untied States citizen and a citizen State of New York for the past 33 years.

24. Defendant, City of New York (city), is a municipal corporation with the State of New York;

25. Defendant, New York City Police Department, is a law enforcement agency in the City of New York;

26. Defendant Michael Gessner Shield No.: 31887, at all relevant times, was a police officer employed by the defendant City of New York;

27. Defendant Supervisor SGT. Thomas Ormond, at all relevant times, was a police officer employed by the defendant City of New York;

28. Defendant Police Officer Christopher Smith Shield No.: 1903, at all relevant times, was a police officer employed by the defendant City of New York;

29. All other individuals defendants ("the officers"), including John Doe#1-2, Individuals whose names are currently unknown to plaintiff, are employees Of the NYPD, and are sued in their individual capacities.

30. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York

## NOTICE OF CLAIM

31. Plaintiff in furtherance of their state cause of action, filed timely notice of claim against the City of New York in compliance with General Municipal Law Section 50.

32. By stipulation, City has agreed to dispense with the need to hold a 50-H hearing examination of plaintiffs in advance of commencing this lawsuit.

33. This action has been commenced within one year and ninety days after the sequence of the events upon which these claims arise.

## FACTUAL AND GENERAL ALLEGATIONS

34. On September 22, 2017, Plaintiff was being followed ½ mile by Green Mini Van. The Operator of the Vehicle (Spanish Male & Passenger Spanish Female). As the Plaintiff traveling west on Liberty Avenue made Left on Miller Avenue the Spanish Male continue to follow the Plaintiff.

35. Plaintiff parked his vehicle at the end of the block, Plaintiff principle place of business is 1 block away.

36. Operator of the green mini-van (Spanish male) refuse to move his vehicle that is very close in a Parallel position.

37. Plaintiff went to 75 Police Precinct to file a complaint regarding the two Spanish individuals followed the Plaintiff as part of Organized Crime Team conspired to get the Plaintiff arrested. Dominick Martinez-Nunez and Spanish Male Operator of the vehicle received Alert Signal on cellphone from Dispatcher (Mike Heavy Duty Towing) Shares the Radio Frequency Technology with Organized Crime Network members such as Spanish Taxi/Cab Stations to follow the Plaintiff to place of employment.

At the time Dominick Martinez-Nunez (Member of Organized Crime Team) received the Alert Signal on cellphone point of location was within the vicinity of her resident. Dominick Martinez-Nunez (unemployed following Plaintiff; _Dommick Martinez-Nunez unlicensed by the New York State Department of State Licensing Division (following the Plaintiff illegally). Conspiracy by Organized Crime Network (more than a 1,000 members- GPS TRACKING TECHNIOLOGY & RADIO FREQUENCY Specified EQUIPMENT Operated & directed by Organized Crime Dispatcher)_

38. Dominick Martinez-Nunez alleged that the Plaintiff swung a "**baseball bat**" at her and her family.

39. On September 22, 2017 the Plaintiff was arrested at about 10:30 A.M. inside the waiting area of the 75 Precinct 1000 Sutter Avenue, Brooklyn, NY 11208 for reporting the incident (being followed by Organized Crime Team) to the NYPD.

40. Arresting Officer, Michael Gessner told the Plaintiff to put his hand behind his back and place handcuff on him.

41. Arrest Officer, Michael Gessner indicated on the report sent to the prosecution; stated Plaintiff allegedly swung "**a pipe**" at the Complainant, Dominick Martinez-Nunez and her family.

42. Defedants has three different version of the alleged description of event and charges/penal code to the Plaintiff;

   A. Alleged victim Dommick Martin-Nunez (stated Plaintiff swung a bat, refused to provide name and cellphone number to 911 operator) the main reason for not providing any information

   Simple "Organized Crime" Enterprise code after the conspiracy;

is to have an organized exit strategy from providing name or cellphone number to the Police Officer. Ms. Dommick Nunez-Martinez did not provide the correct name address & cellphone number. This is complete false claim made by the alleged victim).

Plaintiff hire Private Investigation company confirm the identity

B. Officer Michael Gessner stated in the New York City Police Department Omniform System- Complaint stated Plaintiff "did go back to his car and grabbed a pipe and swing pipe in C/v direction". Officer Michael Gessner conspired into an agreement with Dommick Nunez-Martinez that Officer Gessner version of events are stronger to arrest the Plaintiff

C. Assistant District Attorney Sarah Jafari of the King County District Attorney's Office stated on September 22, 2017 at 9:45 A.M. the Plaintiff committed the following offenses:

Menacing in the Second Degree

Criminal Possession of a Weapon in the fourth degree

Menacing in the Third degree

Harassment in the Second Degree

43. Assistant District Attorney Sarah Jafari of the King County were grant by the Judge 3 months (September 23 2017 to December 26, 2017) to provide evidence that the Plaintiff committed the above charges. Assistant District Attorney Sarah Jafari has NO EVIDENCE

NO BAT, NO PIPE, NO WITNESSES & Most of ALL NO STATEMENT FROM THE ALLEGED VICTIM, FALSE NAME , ADDRESS & CELLPHONE OF THE ALLEGED VICTIM.

44. On December 27, 2017 the Honorable Judge C. Walker-Diallo dismissed all charges & SEAL the records of the Plaintiff.

45. Sgt. Thomas Ormond signed the Criminal Charges Report to confirm the allegations brought against the Plaintiff (Penal Codes: PL 120.14, 01 AM, PL 265.01 02 AM, PL 120.15 00 BM, PL 240.26 01 V).

46. Arresting Officer is improperly trained and failed to complete the investigation of the incident of Organized Crime members and drug dealers following Plaintiff 7 days per week/24 hours per day.

47. Plaintiff provided photos and videos to the Police Officers at 75 Precinct that Organized Crime Members & drug dealers are tracking the Plaintiff, wife and 3 minor children 24 hours per day 7 days per week for more than 3 years (December 6, 2016 to May 29, 2019) and beyond. Organized Crime Members set what is call **GEO-FENCING BOUNDARIES** at Plaintiff home, place of business and minor children school and other investment assets. This is advance technology illegal unauthorized by the federal & state government for specified use only. The Organized Crime Dispatcher sends alert signals that monitors (GPS Tracking Software & GPS Application down load to members cellphones) Plaintiff locations as him & his family enter and exit GEO-FENCING boundaries by mapping a 3 location in circumferences (Chart will be provided in discoveries).

47. There was no probable cause to arrest the plaintiff; No bat was found at the Police Precinct.

48. Ms. Martinez never made a statement that the Plaintiff in route to 75th Precinct dispose a bat.

49. Plaintiff authorized the Supervisor Thomas to search his vehicle ; no bat was found.

48. The Organized Crime Pyramid is directed by Hasidic Jews and operated shared/(Business pooling) by Spanish Males (Dominicans & Puerto Ricans).

49. Plaintiff was exposed to deployable conditions in jail cell. Inmates repeatedly coughing, no ventilation or air circulation & jail cell overcrowding.

50. Plaintiff was treated form upper extremity respiratory Infection Visited Doctor several times from October 2017 to December 2017. Medical injuries result from false arrest; locked up in jail cell with other inmates that had medical issues.

51. Plaintiff received traffic violation citation from NYPD Officer <u>Christopher Smith.</u> Under the direction of Organized Crime members. While employed (Uniform of NYPD) in the capacity of a New York City Police Officer.

### "Organized Crime" Enterprise-Conspiracy to have the Plaintiff Arrested

52. "Organized Crime" Enterprise Three Mazzio Brothers Mike Heavy Duty Towing, Inc. link/employed Officer Christopher Smith as a network. Mike Heavy Duty Towing use NYPD Officer to carry out illegal GPS tracking/Radio Frequency Technology to track the Plaintiff 24 hours/7days per week   member through the GSP App. on Officer Smith personal cellphone. In 2017,2018 & 2019 the motive/conspiracy of Organized Crime Enterprise is get Plaintiff arrested & suspends the Driver's License Plaintiff & his brother. Organized Crime primary motive is to add NYPD Officers to it database criminal (thousands of members) to carry it scheme. The best way to do so is to have NYPD Officer Christopher Smith for hire. Plaintiff notice high level of (4) marked police vehicle travel at aggressive speed coming toward the Plaintiff.  The main reason for such aggression by the NYPD Officer; Organized Crime dispatcher send out an Alert Sign to the NYPD Officers in the region where Plaintiff is traveling and GEO Fencing Boundaries are set by computer software to ALERT the NYPD Officer of the Plaintiff extra location on their personal cellphone.  On March 8, 2018 Officer Christopher Smith received the Alert Signal on his personal cellphone from Organized Crime Dispatcher. Immediately after Officer Smith received the Alert Signal, he began an aggressive pursue to the Plaintiff. On March 8, 2018 Officer Christopher Smith issued a traffic Summons for Cross Walk Violation. Defendant states, stated New York State Department of Motor Vehicle Arrest Record, No. ABC6872493. Plaintiff clarify this is a Traffic Summons Number ABC6872493; not an arrest I.D. number. Mike's Heavy Duty Towing, Inc. use the official power of the NYPD Officers like Officer Christopher Smith to issue traffic Summons which can lead to multi offenses. direction of Organized Crime Network Paid by Better Homes & Gardening Rand Realty, Inc.

## 53. OFFICER CHRISTOPHER SMITH CIVIL RIGHT VIOLATIONS

This is Civilian Complaint Review Board (CCVB) of Officer Christopher Smith civilian Arrest Profile in April 2012 & October 2012. There was a total 7 complaint filed with the Civilian Complaint Review Board. This only reflex reported complaints filed with the Board regarding the misconduct by Officer Christopher Smith. The CCRB complaints included only Black males that was arrested by Officer Christopher Smith Officer Christopher Smith is racial bias toward by black males. Officer Smith has a pattern of only arresting black males In this case the Plaintiff is a male black male. Officer Christopher Smith liar about the traffic violation. Officer Smith is employed by "Organized Crime" Enterprise. On March 8, 2018 at 9:15AM. Plaintiff just finish with a Housing client appointment on 155th Street.

When Plaintiff departed from the location less than 5 minutes officer Christopher Smith was dispatcher not by the Police Department. Officer Smith was DISPATCHED by Organized Crime. Officer Smith received an ALERT SIGN on his personal cellphone that Plaintiff is near Baisley Blvd. & Guy Brewer Blvd. Organized Crime use fleet Management Software & RADIO FREQUENCIES to set up GEO-FENCING BOUNDARIES to trigger Alert signal to it network members on their personal cellphone (download software App on Cellphone). Organized Crime Dispatcher programmed Plaintiff vehicle by obtaining license plate number & Vehicle Identification Number (VIN) now Organized Crime Dispatcher can start GPS tracking in minutes. (24 hours per/7days per week). This is the system & pattern of operation by "Organized Crime" Enterprise. Officer Christopher Smith is member. When DISPATCH Officer Smith abuse of Authority by issuing false traffic violation ticket to the Plaintiff. On March 8, 2018 Officer Christopher Smith issued a traffic Summons for Cross Walk Violation. (Violation, No. ABC6872493). It Clear that Officer Christopher Smith has racially discriminate base on the gender and color of black males. In the Civilian Complaint Review Board. The CCVB confirmed/substantiated that Officer Christopher Smith Abuse of Authority towards black males only.

## CCVB Complaint received in October 2012 on behalf of Christopher Smith

| | | | |
|---|---|---|---|
| Force: Physical Force | Black male, 37 years old | Police Officer | Unsubstantiated |
| Discourtesy: Word | Black male, 37 years old | Police Officer | Unsubstantiated |
| Force: Nightstick As Club (Incl Asp & Baton) | Black male, 37 years old | Police Officer | Exonerated |
| Abuse of Authority: Stop | Black male, 37 years old | Police Officer | Substantiated (Charges) |

## CCVB Complaint received in April 2012 on behalf of Christopher Smith

| | | | |
|---|---|---|---|
| Abuse of Authority: Frisk | Black male, 18 years old | Police Officer | Unsubstantiated |
| Force: Physical Force | Black male, 18 years old | Police Officer | Exonerated |
| Abuse of Authority: Refusal To Provide Name/Shield Number | Black male, 18 years old | Police Officer | Unsubstantiated |

The evidence is clear that **"Organized Crime"Enterprise**- Mike's Heavy Duty Towing, Inc.& affiliates members has conspired, threaten, harass, intimidated & follow the Plaintiff wife, kids, extended family members, business associates (theft /burglary) attempt to commit insurance fraud, assault, track Plaintiff asset, extortion & bribery of government employees to issue the Plaintiff citation & summons from the following city agencies HPD Inspector 3838/3132, NYC Building Department (Juwan Badge No. 2857), NYC department of Sanitation, & National Grid employees. This is not just one isolated case with Mike's Towing. Plaintiff has additional witness (Clergy, & Senior Citizens) from the community to testify at trail if granted by the court.

**NYC TAXI & LIMOSINE COMMISSION- TAXI DRIVER (HARASSMENTS)**

Plaintiff informed City Agencies; aggressive following, Harassment, threat by Taxi Drivers Connection to "Organized Crime" Mike Heavy Duty Towing, Inc. Mike' s Towing has hundreds or even Thousands of member that is connected the GPS APPLICATION Tracking software down- load to the Taxi Driver Cellphone; now ready to do work for Organized Crime. Taxi Drivers (Yellow, Green & Mostly Black Taxi Car) follow the Plaintiff & family every day when out traveling) for the past 4 years.  Plaintiff called 311 file (8) complaints. The NYC Taxi & Limo Commission email Plaintiff to inform that it was pending investigation & one of the Driver will be Prosecute. A few days later Plaintiff received a call from Supervising Attorney David L. Ross that the Taxi Driver did nothing wrong & all files will be closed. Organized Crime has bribery & extortion to the employees of the Taxi & Limo Commission.

54. Plaintiff informed the following City Agencies: (organized Crime Members are using GPS tracking (following me and my family 24 hour per day 7 days per week (*4 years*), malicious harassment, physical assault, vandalize real property, telephone harassment, breach personal computer network, cybersecurity crime, breach business data business network, auto accidents (maliciously intent to cause physical injuries to plaintiff and minor child in vehicle);

   A. New York City Police Department- 75, 103 & 105 Precinct
   B. Commissioner of the Taxi & Limo Commission-yellow, black, green Taxi drivers are following Plaintiff and family everyday
   C. New York City Department of Investigation
   D. Civilian Complaint Review Board –received letter pending review

55. Defendants failed to fully investigate Claims of Plaintiff by it entirely
   A. Plaintiff personal information including location of vehicles was provided by Leandro (Jose) Roman, owner of JLR Deli Grocery to Organized Crime Member.

56. Defendants' four City agencies refused or ignore disciplinarily actions regarding the Plaintiff complaints.

57. During all of the events above described, Officer Gessner abuse of authority & acted maliciously and with intent to injure plaintiffs

58. Police Officer Gessner & Ms. Dommick Nunez-Martinez formed a conspiracy among themselves to have the Plaintiff arrested for a crime not committed.

**Conspiracy-Officer Michael Gessner & Dommick Nunez-Martinez**

59. On September 22, 2017 at approximately 9:20 A.M. the Plaintiff above in the waiting area of the 75th Precinct Officer Gessner a state official and Dommick Nunez-Martinez private individual(s) entered into an agreement to conspire to have the Plaintiff arrested. Officer Gessner & Ms. Dommick Nunez-Martinez was communicating with each other in the common area near the announcement display board. Officer Gessner told Ms. Martinez-Nunez to state in the police report that Plaintiff swung a bat at her and her family. Officer Gessner & Dommick Nunez-Martinez reached an understanding to deprive the plaintiff of his constitutional rights; by lairing in police report to make the allegations against the Plaintiff stronger. Officer Gessner willfully & intentional coached Ms. Dommick Nunez-Martinez to lair that a "bat" was use to inflict personal injuries to her and her family. Then Officer Gessner was contemplating if he should state in the police report a "pipe" or "bat" was use to make the allegation to the District Attorney stronger. Officer Gessner(s) were willful participant[s] in joint activity with Dommick Nunez-Martinez to validate probable cause to arrest the Plaintiff.

60. Plaintiff stated that the alleged victim swung bat at Dommick Nunez-Martinez at the corner of Miller Avenue & Glenmore Avenue then proceeded to the 75th Precinct to file a complaint that Dommick Nunez-Martinez & Spanish Male Driver of the green minivan followed Plaintiff to 75th Precinct. While the Plaintiff was parking his vehicle go into the 75th Precinct. The Spanish Male Driver of vehicle drive up ahead of the Plaintiff Dommick Nunez-Martinez seated front passenger just out of the vehicle ran inside the 75 Precinct for Plaintiff arrived to file complaint. Ms. Dommick Nunez-Martinez lair to Spanish Officer that Plaintiff swung a bat her. At this point the Plaintiff has no bat arrive at the 75th Precinct; no bat was disposed on the way to the 75th Precint.no bat was found in

the Plaintiff vehicle. Officer Gessner took Plaintiff auto keys found no bat in the vehicle. Dommick Nunez-Martinez filed false accusation with the 75th Precinct.

## DAMAGES

61. As a direct and proximate result of the facts of defendants, Plaintiff suffered the following injuries and damages:

a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their person & personal property;

b. Violation of his rights to Due Process of Law under the Fourteenth Amendments of the United States Constitution;

c. Violation of their New York State Constitution rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d. Violation of their New York State Constitutional rights under Article 1, Section 6 to due process;

e. Emotional trauma, medical pain and suffering, including fear, malicious harassment, embarrassment, humiliation, emotional distress, frustration , extreme inconvenience, anxiety

f. Loss of Liberty

g. Loss of Business- real estate transactions

h. Loss of Government contracts

## FIRST CAUSE OF ACTION

**(42 USC § 1983)**

62. Defendant have deprived plaintiff of his civil, constitutional and statutory Rights under color of law and conspired to deprive the Plaintiff of such rights and are liable to plaintiff under 42 USC § 1983.

63. Defendants' conduct deprived plaintiffs of their rights to be free of unreasonable search and seizures, pursuant to the fourth and fourteenth Amendments to the United States Constitution.

64. Defendants falsely arrested plaintiff and failed to intervene with a resolution

**SECOND CAUSE OF ACTION**
**(MUNICIPAL AND SUPERVISORY LIABILITY)**

65. The above paragraph are here incorporated by reference.

66. The City is liable for damages suffered by the Plaintiff as a result of the conduct of their employees (Michael Gessner, Christopher Smith & Thomas Ormond), agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights. The City failed to remedy the wrong; The City have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs To continue, and they have been grossly negligent in managing subordinated who caused the unlawful conditions or events. The City has been alerted to the regular use of false arrests; that deliberate indifference Caused the violation of Plaintiffs constitutional rights in this case

67. The aforesaid event was not an isolated incident. The City has been aware for some time, from the lawsuits, notice of claim, complaints filed with the Civilian Complaint review Board, and judicial ruling suppressing evidence and finding officers incredible as a matter of law, that a disturbing number officers conducted unlawful search and seize citizens, brings charges against citizens with no legal basis, perjure themselves in

charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Furthermore, the City has allowed policies and practices that allow the aforementioned to persist.

68.The Civilian Complaint Review Board ("City Agency") oversee the conduct of the NYPD failed to address the merit of citizen complaints have gone uncorrected. The CCRB regularly finds complaints lack credibility based on fact that such complainants have also brought  lawsuit to remedy the wrong they have experience. A practice that often results in not substantiating the most serious charges brought to them.  In addition, the CCRB virtually never initiates their own findings false statements against officers that who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus officers have no real incentive to come forward, or to testify truthfully a the CCRB. The CCRB has no enforcement mechanism once making a finding against an officer, it can only make recommendation to the NYPD, once finding of misconduct by an officer.
In this case, the CCRB received formal complaint of the misconduct of the Arresting Officer, Michael Gessner.

67.The NYPD, once receiving a substantiated complaint by the CCRB, failed to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility to following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiate a complaint and the Department Advocate proves the case in an internal trail against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

68.Furthermore, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their misconduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits

against police officers for actions take in their capacity as police officers have no impact on the police officers' career, regardless of the outcome of the civil action. Alan Hevesi,  as New York City Comptroller, in 1999 reported that was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

69.The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights, including the constitutional rights of the Plaintiff. Despite such caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal or disciplinarily actions taken against the officers or supervising officer.

70.Plaintiff has been damaged as result of the deliberate indifference of the City of New York to the constitutional rights of the City's inhabitants.

71.The City is liable for damages suffered by the plaintiffs as result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiffs' constitutional rights, the City failed to remedy the wrong; the City have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue. The City have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to regular use of false arrests by it police officers. The 75 Precinct is the second highest Precinct in the City of New York that Police Officers were sued (47 times between June 2015 to May 2016) more than twice as many times in federal court.  Nevertheless, exhibited deliberate indifference to such false arrest; that deliberate indifference caused the violation of Plaintiffs' constitutional rights in this case.

## THRID CAUSE OF ACTION
### (CONSPIRACY)

72. The above paragraph is here incorporated by reference.

Defendant (City) & NYPD Officer, Michael Gessner conspires with Dominick Martinez-Nunez to make it appears that attempted assault occurred. There was no physical injuries or assault to Dominick Martinez-Nunez and no evidence was substantiated to proof such claim.

### Conspiracy-Officer Michael Gessner & Dommick Nunez-Martinez

69. On September 22, 2017 at approximately 9:20 A.M. the Plaintiff above in the waiting area of the 75th Precinct Officer Gessner a state official and Dommick Nunez-Martinez private individual(s) entered into an agreement to conspire to have the Plaintiff arrested. Officer Gessner & Ms. Dommick Nunez-Martinez was communicating with each other in the common area near the announcement display board. Officer Gessner told Ms. Martinez-Nunez to state in the police report that Plaintiff swings a bat at her and her family. Officer Gessner & Dommick Nunez-Martinez reached an understanding to deprive the plaintiff of his constitutional rights; by lairing in police report to make the allegations against the Plaintiff stronger. Officer Gessner willfully & intentional coached Ms. Dommick Nunez-Martinez to lair that a "bat" was use to inflict personal injuries to her and her family. Then Officer Gessner was contemplating if he should state in the police report a "pipe" or "bat" was use to make the allegation to the District Attorney stronger. Officer Gessner(s) were willful participant[s] in joint activity with Dommick Nunez-Martinez to validate probable cause to arrest the Plaintiff.

70. Defendant stated Plaintiff swung bat at Dommick Nunez-Martinez at the corner of Miller Avenue & Glenmore Avenue then proceeded to the 75th Precinct to file a complaint that Dommick Nunez-Martinez & Spanish Male Driver of the green minivan followed Plaintiff to 75th Precinct. While the Plaintiff was parking his vehicle go into the 75th Precinct. The Spanish Male Driver of vehicle drive up ahead of the Plaintiff  Dommick Nunez-

Martinez seated front passenger just out of the vehicle ran inside the 75 Precinct for Plaintiff arrived to file complaint. Ms. Dommick Nunez-Martinez lair to Spanish Officer that Plaintiff swung a bat her. At this point the Plaintiff has no bat arrive at the 75th Precinct; no bat was disposed on the way to the 75th Precint.no bat was found in the Plaintiff vehicle. Officer Gessner took Plaintiff auto keys found no bat in the vehicle. Dommick Nunez-Martinez filed false accusation with the 75th Precinct.

## FOURTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

73.The above paragraph are here incorporated by reference.

74.Defendants, acting under color of law, violated plaintiff's right pursuant to § 5,6 and 12 of the New York State Constitution. Arresting Officer, Michael Gessner judge the Plaintiff base upon his race-Black; that he most like to commit crime against society.

75.A damages remedy here is necessary to effectuate the purposes of § 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's right under those section.

## FIFTH CAUSE OF ACTION
### (NEGLIGENT HIRING & RETENTION)

76.The above paragraphs are here incorporate by reference.

77.Defendant (City), through the NYPD, owed a duty of care & protect the public safety of Citizens of the City of New York to the Plaintiff to prevent the loss of liberty (24 hours GPS Tracking by Organized Crime members) and mental abuse, Malicious Street Harassment, Malicious Telephone Harassment, physical assaults, personal property vandalism, auto accident (intent to commit harm and personal juries to the Plaintiffs and his family).

78. Defendant (City) through the NYPD, owned a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated an injury to plaintiff or those in a position similar to plaintiff's as a result of this conduct.

79. Defendant City, police officer lack of training and competence to perform their duties to the citizens of the community.

80. Defendant City's negligence in hiring and retaining the officer defendants proximately caused plaintiff's injuries.

81. Defendant (City's) negligent hiring and retention of defendant officers, Plaintiff incurred damages described above.


## SIXTH CAUSE OF ACTION
## RESPONDEAT SUPERIOR

82. The above paragraph are here incorporated by reference.

83. Defendants' intentional tortious acts were undertaken within the scope of their employment by Defendant City of New York and in furtherance of the Defendant City of New York's interest.

84. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of Defendant City of New York, Plaintiff was damaged.

## SEVENTH CAUSE OF ACTION
### PRIVACY RIGHT VIOLATION
### FIFTH AMENDMENT

85. Defendants' (City & NYPD) failed to protect Plaintiff privacy rights; because the City & NYPD failed to investigate;

86.Organized Crime members continue to expose Plaintiff personal information such as names, addresses, place of business, home telephone number, take photos and pictures repeatedly while in public and private setting to criminals with felony, cybercriminal and drugs dealers.

87. Defendant failed to protects the privacy of personal information under the Fifth Amendment to the Constitution of United States


## EIGHT CAUSE OF ACTION
### FAILED TO PROVIDE EQUAL PROTECTION OF THE LAW
### FOURTEEN AMENDMENT

88. Plaintiff COMMUNICATED IN WRITING & PERSONAL APPERANCE to Defendant City & NYPD 10 or more occasion seeking protection for public safety which was ignored and never investigated.

89.The right to privacy is most often cited in the Due Process Clause of the 14th Amendment, which states;

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws".

90.Under the 14th Amendment the Plaintiff seek equal protection of law from Organized Crime Members, criminals and drugs dealer in the jurisdiction of the Defendant (City & NYPD); failed to protect the Plaintiff Equal rights under the law.

## NINETH CAUSE OF ACTION
## ILLEGAL WIRETAP

Privacy Rights-Violation

91. Illegal wiretap cellphones home landline, place of business telephones, family members, friend and business associates; New York's wiretapping law is a "one-party consent" law. New York makes it a crime to record to record or eaves drop on an in-person or telephone conversation **unless one**

**party to the conversation consents.** N.Y. Penal Law §§ 250.00, 250.05. (link is to the entire code, you need to click on the Penal Code section, then choose Article 250 and locate the specific provisions). Thus, if you operate in New York, you may record a conversation or phone call if you are a party to the conversation or you get permission from one party to the conversation in advance. That said, if you intend to record conversations involving people located in more than one state, you should play it safe and get the consent of all parties.

92. Permission, judicial warrant or consent was not grant to Organized Crime members to listen or record Plaintiff conversation with family members, government officials, business to business vendors, associates and friends, etc.; Defendant City & NYPD failed to provide equal protection under law.

**WHEREFORE,** plaintiffs demand judgement against the defendant, jointly and severally, as follows:

A. In favor of plaintiffs in an amount to be determined by a jury for each of the plaintiff cause of action;
B. Awarding plaintiffs punitive damages in the amount to be determined by the jury;
C. Awarding plaintiffs reasonable fees, cost and disbursements of this action; and
D. Grant such other and further relief as this Court deem just and proper.

## JURY DEMAND

Plaintiffs requested a trial by jury.


I hereby affirm that the information provided is true and correct.

Date:   October 23, 2020
        Brooklyn, New York

                                        Yours Truly,


                                        Sherwin Wilson
                                        Pro Se


CC:   MaryBeth Allen
      Assistant Corporation Counsel
      Special Federal Litigation Division
      100 Church Street, Room 3-135
      New York, NY 10007

US District Court
Eastern District of New York

Case No. 18-cv-7301 (AMD)(LB)

Filing - Pro-Se Department



U S W S

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 23 2020 ★
BROOKLYN OFFICE

RECEIVED
OCT 23 2020
PRO SE OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
2020 OCT 23 PM 3:51